# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF
TEXAS, DEL RIO DIVISION

| | | |
|---|---|---|
| JENNIFER GUADARRAMA, Individually and as Independent Executor of the Estate of Keegan Killin, | § § § § | CIVIL CASE NO. 2:22-cv-00032 |
| PLAINTIFF, | § § | |
| v. | § § | |
| THE GEO GROUP, INC., VAL VERDE COUNTY, WARDEN CHRISTOPHER MARTINEZ, ANTONIO CANDENA, JR. M.D., JETHER FARINO, M.D., JESSICA BEACHKOFSKY, M.D., and MAGDALENE GARZA, M.D. | § § § § § § § § | |
| DEFENDANTS. | § | |

**PLAINTIFF'S NOTICE OF INTENT TO SERVE SUBPOENA**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that pursuant to Federal Rule of Civil Procedure 45, Plaintiff, by and through her undersigned attorneys, intend to serve a subpoena on Sheriff Joe Frank Martinez.

Attached hereto is a true and correct copy of the subpoena that Plaintiff intends to serve on Sheriff Joe Frank Martinez.

Dated: October 5, 2023                                **WISNER BAUM, LLP**

/s/ Stephanie Sherman
Stephanie Sherman, Texas State Bar No. 24006906
ssherman@wisnerbaum.com
Monique Alarcon (*PHV Application forthcoming*)
California State Bar No. 311650
malarcon@wisnerbaum.com
11111 Santa Monica Boulevard, Suite 1750

        Los Angeles, CA 90025
        Telephone: (972) 632-7430
        Facsimile: (310) 820-7444

        Lead Attorneys for Plaintiff

        Shawn Brown
        Texas State Bar No. 24003613
        shawn@shawnbrownlaw.com
        **LAW OFFICE OF SHAWN C. BROWN**
        540 S. St. Mary's Street
        San Antonio, TX 78205
        Telephone: (210) 224-8200
        Facsimile: (210) 224-8214

        Co-Counsel for Plaintiff

## **CERTIFICATE OF SERVICE**

     I, Jasmine Castro, hereby certify that on this date, October 5, 2023, the foregoing was sent via electronic mail to the addressee(s) below:

Shawn K. Fitzpatrick
**Fitzpatrick & Kosanovich, P.C.**
P.O. Box 831121
San Antonio, TX 78283-1121
(210) 408-6793
Fax: (210) 408-6797
Email: skf@fitzkoslaw.com
Lead Attorney to Be Noticed for Defendants, The GEO Group, Inc. and Warden Christopher Martinez

Scott. M. Tschirhart
**Denton Navarro Rocha Bernal & Zech, P.C.**
2500 W. William Cannon Drive, Suite 609
Austin, TX 78745
(512) 279-6431
Fax: (512) 279-6438
Email: smtschirhart@rampagelaw.com
Lead Attorney to Be Noticed for Defendant, Val Verde County

R. Blake Zuber
**Wagner Cario Veale & Zuber, LLP**
7705 Broadway
San Antonio, TX 78209
(210) 979-7555
Fax: (210) 979-9141

Email: BZuber@wagnercario.com
Lead Attorney to Be Noticed for Defendant, Antonio Candena, Jr. M.D.

T. Marc Calvert
**Calvert, Leever & Ostler**
15201 Mason Road
Suite 350
Cypress, TX 77433
(713) 290-0272
Fax: (713) 290-0277
Email: calvertfirm@calvertfirm.com
Lead Attorney to Be Noticed for Defendants, Jether Farino, M.D., Jessica Beachkofsky, M.D., and Magdalene Garza, M.D.

        */ s / Jasmine Castro*
        Jasmine Castro

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Western District of Texas

| | |
|---|---|
| JENNIFER GUADARRAMA, etc. ) <br> *Plaintiff* ) <br> v. ) <br> THE GEO GROUP, INC., VAL VERDE COUNTY, et ) <br> al. ) <br> *Defendant* ) | Civil Action No. 2:22-cv-00032 |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: SHERIFF JOE FRANK MARTINEZ

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Val Verde County Library, Small Conference Room, 300 Spring Street, Del Rio, Texas 78840 (830) 774-7595 | Date and Time: 10/13/2023 10:00 am |
|---|---|

The deposition will be recorded by this method:  Video and stenographer

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 10/05/2023

_____          _____
*Signature of Clerk or Deputy Clerk*                        *Attorney's signature*
         CLERK OF COURT                    OR            *Stephanie Sherman*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* **plaintiff** Jennifer Guadarrama , who issues or requests this subpoena, are:
Stephanie Sherman, Texas Bar #24006906, Wisner Baum LLP, 11111 Santa Monica Blvd. #1750, Los Angeles, CA 90025 ssherman@wisnerbaum.com, (972) 632-7430

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 2:22-cv-00032

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* Sheriff Joe Frank Martinez.
on *(date)* 10-05-2023.

☑ I served the subpoena by delivering a copy to the named individual as follows:
Personal Service at 1308 N. Bedell Ave.
Del Rio, TX                                       on *(date)* 10-05-2023 ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ 40.00

My fees are $ 100.00 for travel and $ —— for services, for a total of $ 0.00

I declare under penalty of perjury that this information is true.

Date: 10-05-2023

Juan R. Soto
Server's signature    PSC5946

Juan Ray Soto   Process Server.
Printed name and title

P.O. Box 1984 Del Rio, TX 78840
Server's address

Additional information regarding attempted service, etc.:

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).